Kennedy & Horner, Columbus, for plaintiffs in error.

Don Power, Columbus, for defendant in error.

## SAVAGE BROTHERS v
## COLUMBUS COAL & LIME CO

Ohio Appeals, 2nd Dist, Franklin Co

No 2259. Decided Feb 14, 1933

**HORNBECK, J.**

It is the claim of plaintiff in error that payments made by Mr. McCrehen to defendant in error upon the note given by him to them was full payment and satisfaction of the original claim of defendant in error against plaintiffs in error and extinguished the balance sued upon in the petition. This payment was claimed to have been accomplished by novation.

Counsel agree as to the essential elements of the contract of novation as follows:

(1) A previous valid obligation;
(2) An agreement between old parties and the new party to the new contract.
(3) That the new contract shall be complete and extinguish the old.
(4) The making of a valid new contract.

But it is claimed by defendant in error that inasmuch as Savage Brothers were not present when the compromise agreement between Mr. McCrehen and defendant in error was signed, were not parties to nor did not participate in the compromise, the second essential of a contract of novation does not appear. This seems indisputable. Thus, there was no agreement between the old parties and the new party to a new contract. Novation results from an intention of the parties to the original contract to completely extinguish the old obligation. 46 C. J., 578.

It is further claimed by plaintiffs in error that the contract between Mr. McCrehen and defendant in error was for the benefit of plaintiffs in error, a third person, and when Mr. McCrehen settled his obligation in full this paid the debt in its entirety including the claim of defendant in error against plaintiffs in error. The error in this position, as we observe it, is that this contract was not made essentially for the benefit of plaintiffs in error, but the moving consideration which was sufficient to support it, was to Mr. McCrehen. The consideration moving from Mr. McCrehen to defendant in error was the removal of the lien, which right was given to defendant in error solely because of statute and had no relation whatever to the obligation of plaintiffs in error to defendant in error. The benefit to defendant in error to the extent that the note was paid, was not the consideration which prompted Mr. McCrehen to contract to pay the obligation secured by a lien upon his real estate, nor does the record require a determination that defendant in error put itself in a situation where it would be estopped to assert the claim sued for in the petition against plaintiffs in error.

We are satisfied, without further discussion of the legal principles involved, that neither a contract of novation nor a contract by two persons for the benefit of a third can be invoked in this case to prevent the judgment against plaintiffs in error.

It is further suggested that inasmuch as no reply was filed to the affirmative answer of payment by plaintiffs in error there should have been a judgment for them as upon admission of the matter pleaded in the affirmative defense. This claim comes too late in view of the state of the record, inasmuch as the plaintiffs in error went to trial and submitted their cause to the court upon the issue made on the facts and without standing upon their legal rights at an opportune time.

We find no prejudicial error in this judgment requiring its reversal. It will, therefore, be affirmed.

KUNKLE and BARNES, JJ, concur.